JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-09084-MCS-MAR | Date | March 20, 2023 |
| Title | *Paulina Oropeza Martin v. Walmart, Inc. et al.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION TO DISMISS (ECF NOS. 11, 13) (JS-6)

Plaintiff Paulina Oropeza Martin moves to remand this action to state court. (Notice of Mot., ECF No. 11.) Defendants Walmart, Inc. and Julianne Ortega oppose the motion, and Plaintiff filed a reply. (Opp'n, ECF No. 18; Reply, ECF No. 20.) Also before the Court is a fully briefed motion to dismiss the complaint. (MTD, ECF No. 13; MTD Opp'n, ECF No. 19; MTD Reply, ECF No. 21.) The Court deems the motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.   **BACKGROUND**

According to the complaint, Plaintiff began working at a Walmart store located in Baldwin Park, California beginning in January 2015. (Compl. ¶ 16, ECF No. 1-1.) While Plaintiff received positive evaluations at work, Plaintiff often required extended periods of medical leave to treat "chronic veinous insufficiency and varicose veins in her left leg" and later, a lumbar strain, muscle spasms, and aggravation of a degenerative disc disease. (*Id.* ¶¶ 17–23.) Additionally, Plaintiff's daughter was suffering from diabetes-related medical issues, which also required treatment. (*Id.* ¶ 24.) Plaintiff had requested leave to care for her daughter from her

supervisor, Ortega, but was denied "in a harsh manner" due to accumulating medical leave. (*Id.*) But when Plaintiff was able to work, Ortega refused to schedule Plaintiff and ignored Plaintiff's attempts to contact Ortega directly. (*Id.* ¶ 27.) Plaintiff was terminated in July 2020. (*Id.* ¶ 28.) Based on these allegations, Plaintiff brings several state law claims of workplace violations, including claims arising under the California Fair Employment and Housing Act ("FEHA"). (*Id.* ¶¶ 31–165.)

Defendants removed this action from the Los Angeles County Superior Court, asserting fraudulent joinder of Ortega, who shares Plaintiff's California citizenship. (Notice of Removal 4–9, ECF No. 1; Compl. ¶¶ 1, 3.) The principal dispute is whether this Court has diversity jurisdiction over Plaintiff's claims. (*Id.*; Mot. 5, ECF No. 11-1.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

In evaluating diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). In evaluating a claim of fraudulent joinder, a court must remand "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (quoting *Hunter*, 582 F.3d at 1046). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. There is a presumption against fraudulent joinder, and "defendants who assert fraudulent joinder carry a heavy burden of persuasion." *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 670 (N.D. Cal. 2019).

### III.   DISCUSSION

#### A.   Harassment

To state a claim for disability-based harassment under FEHA, a plaintiff must allege "conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). The alleged harassment cannot be "conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job." *Id.* The proper test for determining FEHA harassment "focuses on situations in which the *social environment* of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009). Additionally, "a plaintiff must establish she was subjected to offensive conduct based on her disability . . . which was 'so severe or pervasive' as to 'alter the terms and conditions of the victim's employment and create an abusive working environment.'" *Arellano v. Wal-Mart Stores, Inc.*, No. CV 17–5134–GW(JCx), 2017 WL 4083144, at *5 (C.D. Cal. Sept. 14, 2017) (quoting *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999)). Whether a work environment is hostile and whether a harassing act is within a supervisor's scope of employment are questions of fact. *See id.* (collecting cases).

The Court concludes that Defendant has failed to meet its heavy burden of demonstrating the fraudulent joinder of Ortega. Plaintiff plausibly identifies as a disabled person, or at least association with a disabled person, alleging that she "had been suffering from an ongoing medical condition known as chronic veinous insufficiency and varicose veins in her left leg," a lumbar sprain, muscle spasms, and aggravation of a degenerative disc disease, all of which required extensive treatment and protracted periods of medical leave. (Compl. ¶¶ 17–23.) Additionally, Plaintiff's daughter suffered from worsening diabetes, which required Plaintiff's care and attention. (*Id.* ¶ 24.) Plaintiff sought additional leave to tend to her daughter, yet Ortega would, "in a harsh and hostile manner," deny any accommodation and even threaten internal consequences for making any such requests. (*Id.* ¶ 114.) While Defendants construe Ortega's conduct as managerial, (Opp'n 10–11), her allegedly harsh and threatening tone could convey to Plaintiff the offensive message that Walmart does not welcome disabled workers or workers associated with disabled kin. *Roby*, 47 Cal. 4th at 706. Plaintiff's apparently exemplary work performance

plausibly rules out other motivations for Ortega's conduct, further supporting that discriminatory animus could have motivated the allegedly harassing behavior. And evaluating a FEHA harassment claim is a fact-intensive inquiry, *Arellano*, 2017 WL 4083144, at *5, which certainly militates caution before weighing the merits of the pleading.

Perhaps Plaintiff could benefit from additional allegations clarifying the manner in which Ortega conveyed a harsh, offensive message about the social conditions at work. But even for weak claims, *GranCare* instructs district courts to consider the curative possibility of amendment. 889 F.3d at 548, 550. Plaintiff should be afforded the opportunity to do so in the forum best suited to pass on the claim. Thus, the Court finds that Defendants failed to demonstrate no possibility of stating a claim for harassment under FEHA.

### B. Other Issues

Defendants maintain that Plaintiff's claim of disability-based discrimination under FEHA cannot proceed as a matter of law against Ortega because "FEHA does not allow liability to attach to individual employees (including supervisors or managers)." (Opp'n 4.) Plaintiff appears to concede this point. (Reply 3.) In any event, the Court need not evaluate Plaintiff's discrimination claim because there is a possibility that Plaintiff states a claim for harassment under FEHA.

And while Plaintiff asserts that Defendants have not proven an amount in controversy exceeding $75,000, (Mot. 14–16), the Court declines to consider whether Plaintiff has pleaded the requisite damages, as any such determination would be surplus at this stage.

## IV.  CONCLUSION

The Court grants Plaintiff's motion and remands this case to the Los Angeles County Superior Court, No. 22STCV30172. The Court directs the Clerk to effect the remand immediately and close the case. Defendants' motion to dismiss is denied as moot.

**IT IS SO ORDERED.**